UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARLO CHARLES | CIVIL ACTION |
| VERSUS | NO. 11-2226 |
| STATE OF LOUISIANA ET AL. | SECTION "C" (2) |

## REPORT AND RECOMMENDATION

Plaintiff, Marlo Charles, is a prisoner currently incarcerated in the Louisiana State Penitentiary Center in Angola, Louisiana. He filed this complaint pro se and in forma pauperis in the United States District Court for the Middle District of Louisiana pursuant to 42 U.S.C. § 1983 against the State of Louisiana, the Terrebonne Parish Thirty-Second Judicial District Court and Louisiana State Penitentiary Warden Burl Cain, alleging malicious prosecution and illegal confinement as a result of his wrongful conviction. Plaintiff's complaint was transferred to this court from the Middle District on September 8, 2011. Record Doc. Nos. 1, 6, 9 and 12 (Complaint, Amendment and Transfer Order).

Specifically, plaintiff's complaint states:

> I am begin (sic) falsely imprison[ed] through malicious prosecution by the 32nd Judicial Court, Terrebonne Parish Houma, La. I ask this court to order my release from the custody of Warden Burl Cain of Louisiana State Penitentiary and to award me $10,000,000 in damage[s] for the 11 ys (sic) that I have been imprison[ed].
> The 32nd Judicial Court involvement with this case through the pretend of a trial, which was nothing more than a way to deprive me of my rights, civil rights and liberty that are guarantee[d] under Louisiana

Constitution and the Constitution of the Unite[d] States. Burl Cain is holding me in this prison illegally.

Id., Complaint and Amendment at ¶ IV.

In the relief portion of his complaint, Charles requests that the court "order my release and award me $10,000,000 in damages." Id. (Complaint at ¶ V).

## ANALYSIS

I. STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim. 28 U.S.C. § 1915A(b)(1).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are

clearly baseless.'" <u>Macias v. Raul A. (Unknown), Badge No. 153</u>, 23 F.3d 94, 97 (5th Cir. 1994) (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" <u>Davis</u>, 157 F.3d at 1005 (quoting <u>McCormick v. Stalder</u>, 105 F.3d 1059, 1061 (5th Cir. 1997)).  "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." <u>Moore v. Mabus</u>, 976 F.2d 268, 269 (5th Cir. 1992).  An in forma pauperis complaint which is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, plaintiff's Section 1983 complaint may be dismissed either under 28 U.S.C. § 1915(e) as frivolous because it lacks an arguable basis in law or under Rule 12(b)(6) because it fails to state a cognizable Section 1983 claim under the broadest reading.[1]  In addition, the habeas corpus aspects of plaintiff's claim should be dismissed without prejudice.

---

[1] Pro se civil rights complaints must be broadly construed, <u>Moore</u>, 30 F.3d at 620, and I have broadly construed the complaint in this case.

## II.    HECK BARS PLAINTIFF'S SECTION 1983 CLAIMS

Read broadly, Charles's complaint seeks declaratory, injunctive and monetary relief arising from alleged constitutional deficiencies in his state court criminal proceedings. All such claims must be dismissed at this time under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). In <u>Heck</u>, the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

<u>Id.</u> at 486-87 (emphasis in original) (footnote omitted). Although the Supreme Court's decision in <u>Heck</u> concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied <u>Heck</u> in cases in which the plaintiff seeks

injunctive relief.  Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997)).

Plaintiff's claims are clearly connected to the validity of his present confinement. Heck, 512 U.S. at 479; Arnold v. Town of Slaughter, 100 Fed. Appx. 321, 2004 WL 1336637, at *3-4 (5th Cir. 2004); Hainze v. Richards, 207 F.3d 795, 799 (5th Cir. 2000); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994).  Charles's complaint indicates that he was prosecuted in Terrebonne Parish; that he was convicted; that he has been incarcerated for eleven (11) years; and that, at the time of filing this complaint, he was in custody in the Louisiana State Penitentiary in Angola, Louisiana. Record Doc. Nos. 1 and 6 (Complaint and Amendment at ¶¶ III and IV).  Independent research by staff of the undersigned magistrate judge with the Clerk's Office of the 32nd Judicial District Court for the Parish of Terrebonne established that a jury found Charles guilty of aggravated rape on May 6, 2002 and sentenced him to life in prison. The conviction that he challenges in this case has not been set aside in any of the ways described in Heck. Thus, any claims for relief that he asserts, undermining his continued confinement, are premature and must be dismissed. As the Fifth Circuit has noted, the dismissal of plaintiff's Section 1983 claims is with prejudice to their being asserted again until the Heck conditions are met.  Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

III.     HABEAS CORPUS CLAIMS

As noted above, Charles's complaint in part challenges the very fact and duration of his confinement in connection with his conviction. Although his complaint is styled as a civil rights action under 42 U.S.C. § 1983 and filed on a form normally reserved for Section 1983 complaints, he clearly challenges the validity of his present confinement and seeks his release from incarceration. This Section 1983 complaint is not the proper action in which to assert these habeas corpus claims and seek this relief.

A prisoner who challenges the very fact or duration of his physical confinement and who seeks judgment that would entitle him to release must pursue habeas corpus relief rather than civil rights relief under Section 1983. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Clarke v. Stalder, 121 F.3d 222, 226 (5th Cir.), reh'g en banc granted & opin. vacated, 133 F.3d 940 (5th Cir. 1997), rev'd in part on other grounds & opin. reinstated in relevant part, 154 F.3d 186, 187 (5th Cir. 1998) (en banc); Caldwell v. Line, 679 F.2d 494, 496 (5th Cir. 1982). Thus, although Charles filed his complaint on a form reserved for Section 1983 complaints, his claims invoke habeas corpus type relief because he challenges the fact of his conviction and confinement. Clarke, 121 F.3d at 226; Hernandez v. Spencer, 780 F.2d 504, 504 (5th Cir. 1986).

A fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court before requesting federal collateral relief. Whitehead v. Johnson, 157 F.3d

384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); Nobles v. Johnson, 127 F.3d 409, 419 (5th Cir. 1997). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20)).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement. . . . This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." Id. (citing Picard, 404 U.S. at 275-78; Nobles, 127 F.3d at 420). A court may notice sua sponte the lack of exhaustion. McGee v. Estelle, 722 F.2d 1206, 1214 (5th Cir. 1984) (en banc).

Although on the second page of his complaint, Charles indicates that he has not "begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to [his] imprisonment," Record Doc. No. 1, Complaint at p. 2, ¶ I.A., a review of the records of this court reveals that plaintiff has filed four (4) petitions for writ of habeas corpus in this court concerning his May 6, 2002 aggravated

rape conviction. In the most recent of those cases, Civil Action No. 06-8108 "D"(5), the Magistrate Judge's Report and Recommendation stated the following:

> Petitioner, Marlo Charles, . . . was charged by grand jury indictment in Terrebonne Parish with one count of aggravated rape, . . . Petitioner pled not guilty and, after trial by jury, was found guilty as charged by a unanimous verdict. Petitioner was sentenced to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence. On July 2, 2003, the Louisiana First Circuit Court of Appeal affirmed petitioner's conviction and sentence. State v. Charles, 848 So.2d 168 (Table), 2002 KA 2520 (La. App. 1 Cir. 7/2/03). On January 30, 2004, the Louisiana Supreme Court denied petitioner's writ application. State v. Charles, 865 So.2d 74 (La. 2004).
> In October, 2004, petitioner sought post-conviction relief. Petitioner's efforts in this regard culminated on September 1, 2006, when the Louisiana Supreme Court denied his post-conviction writ application. State ex rel. Charles v. State, 936 So.2d 201 (La. 2006).

Civil Action No. 06-8108 "D"(5), Record Doc. No. 21 (Report and Recommendation of the Magistrate Judge at p. 2). Civil Action No. 06-8108 "D"(5) was dismissed with prejudice on July 27, 2009, and plaintiff's appeal was dismissed for lack of jurisdiction by the Fifth Circuit on July 21, 2010. Id., Record Doc. Nos. 23, 24 and 30.[2]

Charles does not indicate that he has sought further review of his conviction or sentence. However, research by staff of the undersigned magistrate judge with the Louisiana Supreme Court clerk's office indicates that, following the Louisiana Supreme Court's denial of his post-conviction writ application on September 1, 2006, State ex rel.

---

[2]Charles's three (3) other petitions for writ of habeas corpus filed in this court concerning his May 6, 2002 conviction, C.A. No. 04-2388 "D"(5), C.A. No. 03-254 "D"(5) and C.A. No. 02-2910 "D"(5), were dismissed without prejudice for failure to exhaust his state court remedies.

Charles v. State, 936 So.2d 201 (La. 2006), Charles filed an application for supervisory and/or remedial writs which was denied by the Louisiana Supreme Court on May 7, 2010. Thereafter, the Louisiana Supreme Court also denied Charles application for reconsideration of that denial.[3]

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, either as legally frivolous, for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2), or under Heck.

**IT IS FURTHER RECOMMENDED** that all habeas corpus claims asserted in plaintiff's 1983 complaint be **DISMISSED WITHOUT PREJUDICE** to Charles's ability to file a proper habeas corpus proceeding, to whatever extent, if any, that he retains any such claims.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and

---

[3] State ex rel. Charles v. State, 34 So.3d 856 (La. 2010); State ex rel. Charles v. State, 38 So.3d 348 (La. 2010).

legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[4]

New Orleans, Louisiana, this ___19th___ day of September, 2011.

                              JOSEPH C. WILKINSON, JR.
                              UNITED STATES MAGISTRATE JUDGE

---

[4]<u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.